IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:19-CR-63 |
| | ) | |
| ANTWAIN CARTER, | ) | |
| | ) | |
| Defendant | ) | |

**UNITED STATES' POSITION ON SENTENCING**

The United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney, and Stephen E. Anthony, Assistant United States Attorney, hereby submits its position with respect to sentencing.

The United States contends that the probation officer has properly calculated Defendant's sentencing guidelines range. And, pursuant to the factors contained in 18 U.S.C. § 3553(a) and for the reasons set forth below, the United States asks the Court to sentence the defendant to a period of incarceration of 125 months.

**I.    BACKGROUND**

On four separate dates, Henrico Police conducted controlled purchases of heroin from Defendant. In those purchases, law enforcement purchased as much as 4.86 grams of heroin. As a result of the controlled purchases, law enforcement executed a search warrant on November 20, 2018, at Defendant's home in Richmond, Virginia. Unsurprisingly, law enforcement found several indicia of drug trafficking, including a digital scale, cash, additional quantities of heroin, and firearms.

1

In sum, law enforcement found three firearms, along with firearms ammunition. Defendant possessed these firearms while having been a convicted felon, including having been convicted of a felony in this court, and while being on supervision by this Court.

## II. POSITION ON SENTENCING

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (*quoting United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination:

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (*quoting* 18 U.S.C. § 3553(a)).

### A. Nature and Circumstances of the Offense; Provide Adequate Punishment

In and of itself, Defendant's possession of multiple firearms as a convicted felon demonstrates Defendant's unwillingness to abide by the law. Moreover, the fact that defendant also did so while being a repeat drug-trafficking, both in his history and in the facts of this case, shows a propensity for committing serious crimes which damage the community. Lastly, the fact that Defendant would perform these crimes while on supervised release for convictions from this

court confirms that Defendant holds no duty to himself or society to correct his criminal behavior or to live a law-abiding life.

In sum, Defendant is an incessant breaker of the law and neither punishment nor probation has had the desired effect of curtailing his behavior. As a result, his criminal behavior deserves a punishment at the high-end of the sentencing guidelines, 125 months.

### B. History and Characteristics of the Defendant

From the age of 16, Defendant has continuously and contiguously violated the law, regardless of whether he was on a period of supervision. From that first adult conviction, alone, we see Defendant run the gamut of crimes from drug trafficking, to violence, to firearms, and to theft. (See PSR ¶ 36.) From there, Defendant went on to do more of the same, with overlapping criminal offenses and sentences such that if Defendant were not serving time in jail, he was on the brink of returning to jail due to his constant resort to criminal conduct. (See PSR ¶¶ 37-57.)

The most appalling aspect of Defendant's criminal history is his history of violence. And, seemingly, Defendant had no hesitation to commit such acts of violence with or without firearms, while in or out of prison, against family or stranger, or against adult or child. (See PSR ¶¶ 37, 42, 49, 52, 53, 54, 55, 57, and 59.)

And, almost inevitably, Defendant's path of violence and constant criminal conduct led to his prosecution and conviction in this court in 2008. (See PSR ¶ 58.) In that case, on two occasions, July 19, 2007, and August 4, 2008, Defendant possessed with intent to distribute a significant amount of cocaine base. Additionally, in each of those cases, Defendant fled law enforcement; and, in the first case, Defendant possessed a firearm, which he carried in his hand, while fleeing law enforcement—an act that could have had dire consequences for him. (Id.)

Following his release from that conviction, Defendant was offered numerous services to help him correct his behavior; but, Defendant failed to take advantage of those services, choosing instead to engage in additional drug-trafficking behavior at least as early as six months after his release from federal prison in July 2017.

With this sorted history of criminal behavior, including the very violent mindset Defendant has displayed in the past, along with his utter failure to redirect and correct his life after one set of experiences with this court, Defendant has well deserved a sentence of 125 months incarceration.

    **C.**    **A Sentence of 125 months Serves the Factors of § 3553**

        1.    <u>Need to Deter Future Criminal Conduct and Protect the Public from Defendant's Future Criminal Conduct</u>

Defendant's choices in his past criminal conduct reveal him to be a continuing threat to the public which the court can best avoid by sentencing him to a term of imprisonment at the high-end of the sentencing guidelines in this case. Moreover, the ways in which Defendant has engaged in violent criminal behavior shows that the type of threat he poses to the public is one that should not be understated by the court in issuing a law-end or below-the-guidelines sentence. To the contrary, a sentence of 125 months is at least appropriate in this case.

For these same reasons, this court cannot be assured of any deterrence that a lesser sentence than the top of the guidelines would provide. In so many words, Defendant's repeated criminal behavior amounts to him telling the court that he has a propensity to continue to commit those crimes, and that when given any sort of leniency for his crimes, he will ignore such leniency and continue to engage in the very same types of activity for which he received such leniency. Such an individual must be deterred by incarceration for the good of the community since he has shown that nothing short of that has deterred him from crime for its own sake and for his own good.

      2.      <u>Need to Provide Needed Treatment to Defendant</u>

The United States recommends that Defendant receive appropriate treatment for any substance abuse and mental deficiency he suffers while incarcerated and during any period of supervised release. In any event, the United States does not request that his sentence be shortened or lengthened to accomplish those goals.

      3.      <u>Need to Avoid Unwarranted Disparities</u>

Defendant's level of criminal behavior yields a criminal history and offense level commensurate with other defendant's in a similar situation. Accordingly, a sentence of 125 months is appropriate in this case. The United States has not requested an upward variance in this case, in light of Defendant's arguably understated criminal history, for the same reasons that the United States has agreed to recommend that Defendant's sentence in this case be served concurrent to any sentence he would receive for his violation of supervised release. Such reasoning is best shared with the Court during a sidebar with counsel at the sentencing hearing.

## III.  <u>CONCLUSION</u>

For the reasons stated above, the United States submits that a sentence of 125 months is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

                                                      Respectfully submitted,

                                                      G. Zachary Terwilliger
                                                      United States Attorney

By:              /s/
            Stephen E. Anthony
            Assistant United States Attorney
            Virginia Bar No. 78246
            Assistant U. S. Attorney

                                            Office of the U.S. Attorney
                                            919 East Main Street, Suite 1900
                                            Richmond, Virginia 23219
                                            (804) 819-5400
                                            (804) 771-2316 (fax)
                                            Stephen.E.Anthony@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2019, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF filing system which will then send a notification of such filing (NEF) to counsel of record.

/s/
Stephen E. Anthony
Virginia Bar No. 78246
Assistant U. S. Attorney
Office of the U.S. Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400
(804) 771-2316 (fax)
Stephen.E.Anthony@usdoj.gov